BRIAN R. DAVIS (SBN 160817)
BRD@dkmlawgroup.com
ROBERT S. MCLAY (SBN 176661)
RSM@dkmlawgroup.com
JESSICA J. ROSS (SBN 313988)
JJR@dkmlawgroup.com
**DKM Law Group, LLP**
535 Pacific Avenue, Suite 101
San Francisco, CA 94133
Telephone: (415) 421-1100
Facsimile: (833) 790-5202

Attorneys for Defendant,
GARRISON PROPERTY AND CASUALTY
INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE COLPACK and CIERRA COLPACK,<br><br>Plaintiffs,<br><br>vs.<br><br>USAA GROUP dba GARRISON PROPERTY & CASUALTY INSURANCE COMPANY and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 1:22-at-00699<br><br>[Formerly Yuba County Superior Court Case No. CVCV22-00722]<br><br>**DEFENDANT GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL OF STATE ACTION UNDER 28 U.S.C. SECTION 1332 AND 1441(a) [DIVERSITY JURISDICTION]**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant Garrison Property and Casualty Insurance Company ("Garrison"), hereby removes to this Court the state action described below:

1. Garrison is a defendant in the civil action commenced on August 11, 2022, by Plaintiffs Kyle and Cierra Colpack ("Colpacks" and/or "Plaintiffs") in the Superior Court of the State of California, County of Yuba, case no. CVCV22-0722, entitled *Colpack v. USAA Group dba*

*Garrison Property & Casualty Insurance Company et al.* "USAA Group dba Garrison Property & Casualty Insurance Company" ("Garrison") was initially and erroneously named as the defendant in this action. Garrison Property & Casualty Insurance Company is the complete name of the correct entity. A true and correct copy of the original Summons and Complaint served by Plaintiffs on Defendant's registered agent for service of process is attached hereto as **Exhibit 1** and is incorporated herein by reference.

2. The Summons and Complaint in the underlying Yuba County Superior Court action were served on Garrison's registered agent for service of process on August 15, 2022. A true and correct copy of the Proof of Service of Summons, as filed in the Yuba County Superior Court action on August 16, 2022, is attached hereto as **Exhibit 2**.

3. This Notice of Removal was filed within 30 days after service of the original Summons and Complaint. Further, this case has been removed within one year of the commencement of this action pursuant to 28 U.S.C. § 1446(c)(1). Therefore, removal is timely.

4. Other than the exhibits mentioned elsewhere in the Notice of Removal, a copy of all other process, pleadings, and orders served and/or filed in the action are attached hereto pursuant to 28 U.S.C. § 1446(a).

## JURISDICTION

**A.  Removal Jurisdiction Based on Diversity Jurisdiction**

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this court by Garrison pursuant to the provisions of U.S.C. section 1441, subdivision (a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

6. Pursuant to 28 U.S.C. section 1446(d), Garrison will also file with the Yuba County Superior Court a copy of this Notice of Removal.

7. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served to date in this action will be filed concurrently with this Notice of Removal.

//

**DEFENDANT GARRISON'S NOTICE OF REMOVAL OF STATE ACTION & DEMAND FOR JURY TRIAL**
**CASE NO. -** *TBD*

**B.  Complete Diversity of Citizenship Exists**

8.  At the time of commencement of this action, and at all times since, Garrison has been, and still is, a corporation of the State of Texas, being incorporated under the laws of Texas, and has had and continues to have its principal place of business in San Antonio, Texas.

9.  At the time of commencement of this action, and at all times since, Plaintiffs Kyle and Cierra Colpack have been and continue to be citizens of the State of California, and residents of Yuba County. (**Exhibit 1** at ¶ 1-2.)

10. This action was brought in the State of California. Garrison was not a corporation incorporated under the laws of the State of California and did not have its principal place of business in California at the time of the initiation of this action, or currently. Therefore, Garrison is not a citizen of California.

11. Complete diversity of citizenship exists because Plaintiffs are citizens of the State of California and Garrison is a citizen of the State of Texas.

**C.  Minimum Amount in Controversy Exceeds $75,000**

12. This is an alleged breach of contract and insurance bad faith case arising out of damage to Plaintiffs' vehicle. (**Exhibit 1** at ¶¶ 8-22.) Plaintiffs allege claims against Garrison for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of California's Consumer Legal Remedies Act. (*See generally* **Exhibit 1**.) Plaintiffs contend they are owed further benefits under their automobile insurance policy with Garrison, and make claims against Garrison for economic damages, consequential damages, general damages, special damages, statutory damages, disgorgement of profits and restitution, attorneys' fees, punitive and exemplary damages, costs, and interest. (*Id.*)

13. The fact that the amount in controversy exceeds the minimum requirement for diversity jurisdiction can be determined by the nature of the claims and the amount and type of damages sought by Plaintiffs.

14. Specifically, in a demand letter dated July 15, 2022 from Plaintiff's counsel, Plaintiff made various allegations regarding his subject automobile insurance claim including that Garrison made deliberate and false "misrepresentations" regarding its investigation of Plaintiffs' claim,

-3-
**DEFENDANT GARRISON'S NOTICE OF REMOVAL OF STATE ACTION & DEMAND FOR JURY TRIAL**
**CASE NO. -** *TBD*

"obstructed and refused to conduct a proper investigation", "falsely reported the vehicle was a total loss", and acted "fraudulently", "unreasonably" and "without justification", causing Plaintiffs various damages. A true and correct copy of the July 15, 2022 demand letter is attached hereto as **Exhibit 3** and is incorporated herein by reference.

15. Within their July 15, 2022 demand letter, Plaintiffs demanded payment totaling $400,000.00 within fifteen days of that letter, consisting of the following:

    a. <u>Total Contract Benefits Claimed:</u>

        i. Total Loss Value of Plaintiffs' Vehicle    $30,000.00

        ii. 170 days Loss of Use/Rental Value    $16,150.00

    b. <u>General "Bad Faith" Damages Claimed</u>

        i. Attorney's Fees    $65,000.00

        ii. "Anxiety, Frustrating and Distress"    $320,000.00

(**Exhibit 3** at COLPACK_CF_400.)

16. Plaintiffs therefore value their total damages at $400,000, well in excess of the statutory $75,000 limit. (**Exhibit 3**.) Plaintiffs' Complaint prays for the same—and additional— items of damage against Garrison that Plaintiffs calculated within their July 15, 2022 demand letter. (**Exhibit 1, 3**.)

17. Neither Plaintiffs nor their counsel have made any demand lower than $400,000 regarding their claim or the instant lawsuit.

18. A settlement letter can constitute sufficient evidence to satisfy the amount in controversy requirement where the settlement request demands an amount over the jurisdictional minimum. (*Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *Ackerberg v. Citicorp USA, Inc.*, 887 F. Supp. 2d 934, 939 (N.D. Cal. 2012).) Moreover, Federal Rule of Evidence 408 does not prohibit the use of a settlement letter in evaluating the amount in controversy because the settlement letter is offered to establish a plaintiff's assessment of the value of his claim. The settlement letter is not offered to establish the amount of a defendant's liability. (*Cohn*, *supra*, 281 F.3d at 840 fn. 4.)

19. While Garrison disputes Plaintiffs' claims, allegations, damages prayer, and basis for their demand, it is evident from the allegations within the July 15, 2022 demand letter and Complaint

that the minimum amount in controversy required for diversity jurisdiction has been satisfied. (**Exhibit 1, 3**.)

**STATE COURT PLEADINGS ATTACHED**

20. Pursuant to 28 U.S.C. § 1446(a), Garrison has attached to this Notice all pleadings previously filed in the underlying Yuba County Superior Court action that is being removed to this court as follows:

a. **Exhibit 1** – Summons, Civil Case Cover Sheet, Complaint, filed August 11, 2022;

b. **Exhibit 2** – Proof of Service of Summons, filed August 16, 2022;

c. **Exhibit 4** – Notice of Mandatory Case Management Conference, filed August 12, 2022.

Dated: September 12, 2022         **DKM LAW GROUP, LLP**

By: /s/Brian R. Davis
BRIAN R. DAVIS
ROBERT S. McLAY
JESSICA J. ROSS
Attorneys for Defendant
GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY

//

//

//

//

//

## DEMAND FOR JURY TRIAL

Defendant Garrison hereby demands a trial by jury.

Dated: September 12, 2022                    **DKM Law Group, LLP**

By: /s/Brian R. Davis
    BRIAN R. DAVIS
    ROBERT S. McLAY
    JESSICA J. ROSS
    Attorneys for Defendant
    GARRISON PROPERTY AND CASUALTY
    INSURANCE COMPANY